## The Oswego.

### Deyo et al. v. The Oswego et al.

*(Circuit Court, S. D. New. York.   October 15, 1888.)*

COLLISION—EVIDENCE—SUFFICIENCY.

    A hole was stove in the side of libelants' canal-boat, when she was laid along-side of the bulkhead, East river. The libelants, without offering direct evidence, contended that the hole was caused by a blow from the Oswego while backing in, by a stroke from her fenders while both boats were lying along-side. Several other theories were within the possibilities. Three witnesses testified with great positiveness that the Oswego did not touch the canal-boat, nor even come near enough to her to admit of using the rope fender which one witness had in his hand. *Held*, that the finding of the district court would not be disturbed, and the libel should be dismissed.

In Admiralty. On appeal from district court.

Libel for collision, by Ezra S. Deyo and others against the floating elevator Oswego and others. Decree for claimant, and libelants appeal.

*J. F. Mosher*, for appellants.

*Wm. W. Goodrich*, for appellee.

LACOMBE, J. The libelants' canal-boat, Capt. Dan Bromley, was sound when she was laid along-side of the bulkhead between Thirty-Sixth and Thirty-Seventh streets, East river. Subsequently, and apparently on the morning of February 25, 1886, a hole was stove in her side, causing her to leak badly, and greatly damaging her cargo. The libelants contend that this was done by the Oswego, but offer no direct evidence in support of their claim. What made the hole, and how it was made, is left to be determined by a balancing of several possibilities. That it was caused by a blow from the Oswego while backing in, by a stroke from her fenders, while both boats were lying along-side, by the floating piece of wood, or the cakes of ice to whose presence some of the witnesses testify, by a sunken pile or a projecting timber before the Bromley was hauled off from the bulkhead, are all within the possibilities. Were it not for the evidence of Walgren, Lawless, and O'Brien, the first of these theories would seem to be the most plausible. They testify, however, with great positiveness that the Oswego did not touch the Bromley, nor even come near enough to her to admit of using the rope fender which O'Brien had in hand. The district judge, who saw and heard these witnesses, has credited their testimony, and there is nothing in the case which should induce this court, which has neither seen nor heard them, from rejecting their evidence. This testimony effectually negatives the theory set out in the libel that the hole was caused by the Oswego striking the canal-boat a violent blow on the starboard side. To undertake to decide from the evidence which, if any, of the other suggested accidents caused the damage is, mere guess-work. The claimants are entitled to a decree dismissing the libel, with costs of this court.